## No. 300

CENTRAL PUB. HOUSE, etc. v. FLURY
Ohio Appeals 8th Dist., Cuyahoga Co.
No. 7592. Decided March 7, 1927

301. CONTRIBUTORY NEGLIGENCE — Where plaintiff in making inspection, discovers door and opens same without any examination as to the character of the interior and steps into an open elevator shaft enveloped in darkness and is consequently injured, under these circumstances the entering of the shaft is such contributory negligence as should prevent a recovery in law.

First Publication of this Opinion

SULLIVAN, J.

Jacob Flury, as a mechanical engineer, went to the business establishment of the Central Publishing House of the Reformed Church in

the United States, in Cleveland, to inspect the heating system and ascertain the cause of certain trouble of which complaint has been made. While so engaged he discovered a metal covered door, opened same and stepped into an open elevator shaft enveloped in darkness, and suffered injuries for which he sought to recover damages in the Cuyahoga Common Pleas.

The trial resulted on a verdict of $10,000 in favor of Flury and judgment thereon was entered. Error was prosecuted by the Publishers and it was contended that it was not liable, it being a charitable institution; that the court erred in admitting as evidence an ordinance respecting operation of elevators; that the court erred in admitting evidence respecting prior accidents, in the elevator in question, although the jury was thereafter instructed to disregard same; and that Flury was guilty of contributory negligence as a matter of law and that the motion for a directed verdict should have been sustained.

Flury claimed however, that the corporation even though it be a public charity, is liable for any injury resulting from the maintenance of a situation which in and of itself is dangerous and results in injury to another. These theory is not found in the syllabus of the case cited (104 OS. 61) but in the opinion on pages 73 and 74.

It was further contended by Flury that defendant is not a charitable corporation or public charity. The Court of Appeals held:

1. The Company's work and mission are confined to the general membership of the Reformed Church throughout its jurisdiction; and the publication, dissemination, etc., of the newspapers, books, tracts and Sunday School publications as one of its objects for incorporation, are for the benefit of the membership of the Church specially, and the objects of the funds which come by way of gifts, etc., are for the diffusion of a sound religious literature in keeping with the tenets of the Synod of the organization.

2. The elements so distinctively characteristic of public charities, such which embrace the amelioration of the sick, the needy, the destitute and the unfortunate, do not appear in the instant case.

3. The assignment of error that the defendant is a public charity and therefore not liable is not well taken, and the question as to whether the limit of liability goes beyond the question of incompetent employees is immaterial in this case.

4. When Flury admitted that he found the door in question closed, that he opened it and immediately found it so dark that he could not see a foot in front of him, and yet entered the elevator shaft, no proof is offered to remove the presumption of contributory negligence and therefore as to the warning given by the darkness itself, the situation remains unchallenged and under the Ohio doctrine Flury is chargeable with contributory negligence.

5. Darkness is nature's own warning to arouse the natural instinct of self protection, the first law of nature. Darkness was a danger

in the instant case that stood in front of the eyes of the plaintiff; and under such circumstances, as appears by the record, to enter the shaft is, in our judgment, such contributory negligence as should prevent a recovery in law.

Judgment reversed and judgment entered in favor of the defendant.

(Levine, J., concurs.)

Attorneys—Tolles, Hogsett & Ginn for Publisher; Boer, Arnold, Tobias & Winsper for Flury; all of Cleveland.